# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0225-24** |
| | ) | GPD REPORT NOS. 24-06796/24-07983/24-08004 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **DAVID QUICHOCHO** | ) | DECISION AND ORDER |
| **UNCANGCO, JR.,** | ) | RE. DEFENDANT'S MOTION TO |
| DOB: 07/26/1970 | ) | DISMISS WITH PREJUDICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **INTRODUCTION**

This matter is before the Honorable Maria T. Cenzon upon Defendant David Quichocho Uncangco, Jr.'s ("Defendant") Motion to Dismiss with Prejudice (the "Motion"). Representing the Defendant is Assistant Alternate Public Defender Peter J. Santos. Representing the People of Guam ("the People") is Special Assistant Attorney General Curtis C. Van de veld. The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After having received and reviewed the papers, arguments, and the file herein, the Court issues the following Decision and Order **DENYING** Defendant's Motion to Dismiss with Prejudice.

//

//

## PROCEDURAL AND FACTUAL BACKGROUND

This matter began on April 15, 2024, upon the grand jury returning an Indictment against the Defendant, wherein the Defendant was charged with the following offenses: Two Counts of the First Charge of Retail Theft (As a Second Degree Felony) and the Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). The events as charged in the Indictment stem from events that occurred on April 5, 2024. According to Ms. Mila Bruan, a store employee, the Defendant allegedly entered Vince Jewelers and requested to view two gold baht chains and one diamond pendant with a total value of $24,290.00. *Decl. of Prob. Cause* (Apr. 6, 2024). When asked to provide identification, the Defendant fled the scene in a rented vehicle. *Id.* Police located the vehicle and effected a traffic stop. *Id.* Police obtained consent to search the vehicle, wherein the police found items that contained suspected methamphetamine. *Id.* Field tests confirmed a presumptive positive test for methamphetamine, and the police located one of the stolen golden baht chains. *Id.*

Jury Selection and Trial was scheduled for June 10, 2024. However, on the day of trial, the People lodged a Motion to Dismiss on the grounds that the Office of the Attorney General ("OAG") received new information regarding this matter and further investigation was inquired. *Ppl.'s Mot. to Dismiss* (Jun. 10, 2024). Accepting the People's representation, the Court granted the People's motion and dismissed the case without prejudice. *Ord. of Dism. Without Prej.* (Jun. 10, 2024).

On July 10, 2024, the Defendant filed a Motion to Dismiss with Prejudice. The basis for Defendant's Motion is the following: (1) the government's true reason for requesting dismissal was to prevent a dismissal with prejudice under 8 GCA § 80.60(a)(2) concerning speedy trial, (2) a press release by the OAG reveals that two witnesses were unavailable to testify for the instant

case, GPD Seargent Chris Champion and Ms. Milla Bruan, warranting dismissal,[1] (3) defense counsel became aware that Champion was actually on-island during the entirety of June 2024, and (4) had defense counsel known about the absences of the witnesses, he would have objected to the dismissal. *See Def.'s Mot.* at pp. 1-2.

The People filed their Opposition on September 16, 2024. The grounds for their opposition are as follows: (1) the government bears the burden of proof at trial and has discretion whether it can bring a matter to trial, and (2) dismissal with prejudice requires a showing of bad faith on the part of the government, and the Defendant has failed to show any bad faith – in contrast, the government's dismissal of this instant was based on good faith. *See Ppl.'s Opp.* (Sept. 16, 2024) at pp. 4-8.

Contemporaneous with the People's Opposition, Acting Chief Prosecutor Gloria L. Rudolph submitted a declaration to the Court regarding the Defendant's Motion. The Court finds relevant the following representations made by Rudolph:

2. While preparing to interview witnesses, I had been informed that certain individuals were not on island and wouldn't be available for trial.

3. After interviewing witnesses, more information and evidence was provided which indicated that Mr. Uncangco did not act alone.

4. The newly uncovered information necessitated dismissal of this matter so that new charges and a new party could be added to prosecution of the criminal activity covered by this case.

5. I made this representation in Court when I appeared before the Honorable Maria T. Cenzon on June 10, 2024, for Jury Selection and relied on this to justify the Motion to Dismiss Without Prejudice.

6. Defendant and his counsel did not object to the Motion to Dismiss, having been informed that new charges and a potential co-actor would be added to an Indictment.

---

[1] *See* attached Ex. A to *Def.'s Mot.*

9. On August 6, 2024, the charges which had been in CF0225-24 were revised in the Indictment in CF0557-24 to conform to the evidence that was uncovered while preparing for trial in CF0225-24, which changes included charging Defendant Uncangco with additional charges and adding a new Co-Defendant Frances Janet Sahagon Cruz to the new case. This was all done in good faith and furtherance of the proper exercise of prosecutorial authority. These are some of the actions that I indicated would take place as I submitted the motion to dismiss without prejudice and appeared before Judge Cenzon. If any mention of GPD Officer Champion was made to the Court by anyone, that Officer Champion was off-island, such representation would have been error. I believe that confusion may have been from the absence of Ms. Julie Chen from QQ Rental being off-island as both names begin with "CH," and the fact that Sgt. Champion was not available when I attempted to schedule a pretrial interview, but such ertar is a minor factual issue or error as the remaining bases of my statements for supporting the dismissal were accurate. If I did not misspeak, the error in the communication by the Office of the Attorney General's Office would simply be a mistake by someone else and not the basis for the dismissal informed to the Court.

*Decl. in Support of Ppl.'s Opp. to Mot. to Dism. With Prej.* (Sept. 16, 2024) at ¶¶ 2-6, 9.

## DISCUSSION

Guam law provides the procedure upon which a prosecutor may move for case dismissal. 8 GCA § 80.70(a) reads as follows:

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 GCA § 80.70(a).

Guam statute does not directly provide for dismissals with prejudice. The Guam Supreme Court, in examining a motion to dismiss under § 80.70(a), has stated that "the prosecutor is recognized as having a presumption of good faith in bringing the motion . . . and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005 Guam 19 ¶¶ 51-52. However, this presumption is not absolute and "is rebutted upon a showing of a lack of good faith."

*Id.* ¶ 53 (quoting *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). Even were the presumption overcome by a showing of bad faith, "section 80.70(a) does not authorize trial courts to *sua sponte* dismiss indictments with prejudice." *Id.* ¶ 69. "[T]he [only] options available to a court upon a finding of bad faith by the prosecution in bringing a Title 8 GCA § 80.70(a) motion are to either grant or deny the motion [to dismiss without prejudice]." *Id.* ¶¶ 74-75.

**A. Defendant's speedy trial rights were not violated.**

Defendant first argues that "the real reason was to abuse the criminal procedural process to prevent a dismiss with prejudice under 8 GCA § 80.60(a)(2) Speedy Trial (45 days)." *Deft.'s Mot.* at 2. On the issue of whether Defendant's speedy rights were violated, the Court turns to the speedy-trial analysis as provided by the Guam Supreme Court in *People v. Stephen*, 2009 Guam 8. *Stephen*'s analysis is as follows: "In determining whether the Sixth Amendment right to a speedy trial has been violated, one must consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay." *Stephen*, 2009 Guam 8 ¶ 14 (citing *People v. Mendiola*, 1999 Guam 8 ¶ 22).

It is uncontroverted that the Defendant asserted his speedy trial rights at his arraignment on April 25, 2024. The Court now considers the other three (3) factors in considering whether Defendant's speedy trial rights were violated.

**a. Defendant's matter was not delayed in bringing it to trial.**

The Courts review of the record and filings indicate that there was no delay from bringing the matter to trial in consideration of Defendant's speedy trial rights. Defendant was confined at the time of his arraignment and invocation of his speedy trial rights on April 25, 2024, meaning the Court would have to bring the matter to trial no later than June 9, 2024.[2] Between the time the

---

[2] *See* 8 GCA § 80.60 (a)(2). The Court would have no longer than forty-five (45) days to bring the Defendant to trial.

Defendant's assertion to the scheduled trial date, motions were not filed from either party that tolled the speedy trial. Therefore, the Court finds that there was no delay in bringing the matter to trial, and, subsequently, there was no reason for any delay. The Court now turns to the issue of prejudice to the Defendant.

**b. The Defendant has failed to make a showing sufficient for a finding of prejudice.**

The Court finds that because no delay existed during the course of these proceedings, it stands to reason that the Defendant suffered no prejudice. However, the Defendant argues that the People's misrepresentation of the justification for dismissal prejudiced the Defendant. Again, the Defendant has failed to show *how* the "disingenuous"[3] nature of the justification effected prejudice toward the Defendant's speedy trial rights. However, assuming arguendo that a nexus exists between the alleged disingenuous justification and the Defendant's speedy trial rights, the Court examines the justification and evidence proffered before this Court.

As prescribed earlier, the People are presumed to act on good faith when bringing a motion to dismiss. *See Gutierrez* ¶¶ 51-52. However, this presumption is not absolute and "is rebutted upon a showing of a lack of good faith." *Id.* ¶ 53 (quoting *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). The Court examines whether the "presumption of good faith" has been sufficiently rebutted. On June 10, 2024, the day of trial, the People moved this Court to dismiss this case without prejudice on the grounds that certain witnesses were unavailable and new information was gathered concerning this matter. *See Min. Entry* (Jun. 10, 2024); *see also Ppl.'s Mot. to Dismiss* (Jun. 10, 2024). Defendant proffers a press release by the OAG that explains that

---

[3] *See Def's Mot.* at 2. "The new information divulged in the Attorney General's press release is proof positive that the prosecution was disingenuous about their reason for requesting the dismissal without prejudice and that the real reason was to abuse the criminal procedural processes to prevent a dismissal with prejudice under 8 GCA § 80.60(a)(2) Speedy Trial (45 days)."

one of the reasons for the dismissal was the unavailability of two witnesses: Ms. Mila Bruan, the Victim, and Sergeant Christopher Champion. *See Def.'s Mot., Ex. A.* Defense counsel represents that Sgt. Champion was, in fact, on-island for the entirety of June. *Id.* at 1-2. The People counter that Sgt. Champion's absence was not "the lone basis for the dismissal sought on June 10, 2024, as the government's motion for dismissal was also predicated on the missing witness Bruan and the need for further investigation." *See Ppl.'s Opp.* at 8. Acting Chief Prosecutor Gloria L. Rudolph further explained in her declaration, "If any mention of GPD Officer Champion was made to the Court by anyone, that Officer Champion was off-island, such representation would have been error." *See Decl.* (Sept. 16, 2024) ¶ 9. Certainly, Acting Chief Prosecutor Rudolph does not claim in her declaration that she named the two witnesses before this Court. *Id.* ¶¶ 3, 9. Further, Rudolph represented before this Court that further investigation was required as the basis for the dismissal, as new information was received. *See Min. Entry* (Jun. 10, 2024) at 9:25:08 AM.

Guam law is clear on the prosecution's burden of proof in criminal cases: "No person may be convicted of an offense unless each of the offense is proved beyond a reasonable doubt." 8 GCA § 90.21(a). When the prosecution cannot meet its burden, they may file with leave of court a dismissal while filing a statement of reasons for seeking dismissal. *See* 8 GCA § 80.70(a). Here, the Court considers the representation of the witness's unavailability. Assuming arguendo that Sgt. Champion was, in fact, on-island throughout the duration of June and thus was available to testify, the Defendant does not dispute Ms. Buan's unavailability at the time of trial. Certainly, the People have discretion as to how they intend to meet their statutory burden at trial, and the Victim's unavailability may have been evaluated as warranting a motion to dismiss by the People.

Be it as it may, the Court was not presented with the unavailability of witnesses as the basis for the dismissal, but rather new information was received and further investigation was required

in this case. *Min. Entry* (Jun. 10, 2024) at 9:25:08 AM. The Court finds that the Defendant has failed to sufficiently demonstrate prejudice as to his speedy trial rights and as to the People's justification for their Motion to Dismiss.

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss with Prejudice is **DENIED**. The Court **AFFIRMS** its Order of Dismissal Without Prejudice issued on June 10, 2024.

**SO ORDERED** this 22nd day of January, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic Copy of the original was e mailed to

_AG, APD_

Date _1/22/25_ Time. _12:12pm_

_Albert Calcho_

Deputy clerk, Superior Court of Guam